## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

Bankruptcy Judge Joseph G. Rosania, Jr.

|  |  |
|---|---|
| In re:<br><br>VALERIY S. MAISOTSENKO,<br>SSN:  xxx-xx-3125,<br>SVETLANA Y. AGRICH,<br>SSN:  xxx-xx-2505,<br><br><br>      Debtors. | Case No. 24-17511-JGR<br>Chapter 7 |
| SEELEY INTERNATIONAL PTY LTD.,<br><br>      Plaintiff,<br>v.<br><br>VALERIY S. MAISOTSENKO,<br><br>      Defendant. | Adv. Pro. No. 25-01096-JGR |

## ORDER GRANTING SUMMARY JUDGMENT

THIS MATTER is before the Court on the Motion for Summary Judgment ("Motion") filed by the Plaintiff, Seeley International Pty Ltd. ("Seeley") on July 17, 2025 (Doc. 21); Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Response"), filed by Valeriy S. Maisotsenko ("Maisotsenko") on August 5, 2025 (Doc. 22); the Reply in Support of  Motion for Summary Judgment ("Reply"), filed by Seeley on August 19, 2025 (Doc. 25); and the Appendix to Reply in Support of Plaintiff's Motion for Summary Judgment ("Appendix") (Doc. 26).  Seeley requests summary judgment on its claim that the debt owed by Maisotsenko is excepted from discharge for willful and malicious injury under 11 U.S.C. § 523(a)(6).

The Court has subject matter jurisdiction over the adversary proceeding under 28 U.S.C. § 1334; 28 U.S.C. § 157(a); and 28 U.S.C. §§ 157(b)(1) and (b)(2)(I).

## INTRODUCTION

Seeley seeks summary judgment on its claim under 11 U.S.C. § 523(a)(6) excepting its prepetition judgment from discharge.  The Motion argues that findings of fact and conclusions of law entered in the prepetition litigation are sufficient to apply the doctrine of collateral estoppel, or issue preclusion, to prevent the parties from having to relitigate the issue of whether the judgment arises from willful and malicious conduct satisfying the elements of 11 U.S.C. § 523(a)(6).

In addition to determining whether the findings of fact and conclusions of law are detailed and specific on the identical issue in question, and that the facts underlying the findings are sufficient to apply collateral estoppel, the Court must also determine if Maisotsenko had a full and fair opportunity to litigate the claims as the judgment was a default judgment.  For the reasons set forth below, the Court grants Seeley's Motion.

## BACKGROUND

This dispute arises from the acquisition of certain patents and intellectual property rights relating to a product known as M-Cycle.  The M-Cycle is described by Seeley in its Complaint:

> Maisotsenko is the credited inventor of a revolutionary air-cooling methodology and technology known in the HVAC industry as the Maisotsenko Cycle or M-Cycle. The M-Cycle uses thermodynamics and psychrometric renewable energy to achieve cooler air faster and more efficiently than a traditional air cooler. The M-Cycle is based on an air-cooling method known as indirect evaporative cooling. Indirect evaporative cooling occurs by injecting water onto the exterior or interior walls of a heat exchanger. The heat exchanger evaporates the water which imparts a cooling effect to the opposite side of the walls. The chilled surface of the heat exchanger wall then cools passing airflow.

(Complaint, Doc. 1, ¶ 5).

2

After a series of transactions, Seeley eventually acquired the patents and intellectual property related to M-Cycle from third party companies.  The acquisition included a non-competition and non-solicitation agreement executed by Maisotsenko.

Among other wrongs, Seely claimed Maisotsenko breached the non-competition and non-solicitation agreement and filed a civil action in the United States District Court for the District of Colorado styled *Seeley International Pty Ltd. v. Valeriy S. Maisotsenko, M-Cycle Industries Inc, and M-Cycle Corporation Ltd.*, Case No. 21-cv-01350-CMA-KLM ("District Court Action"), alleging patent infringement, breach of contract, and trade secret misappropriation.

## FACTUAL BACKGROUND

In its Motion, Seeley alleges the following facts are undisputed as previously determined by the Order Awarding Damages in the District Court Action attached to the Motion as Exhibit 1:

> On or about June 10, 2015, Seeley and nonparty Coolerado Corporation ("Coolerado") entered into the Asset Purchase Agreement ("APA") wherein Seeley paid Coolerado and nonparty Idalex Technologies, Inc. ("Idalex") $2,225,000.00 for their business assets.  (Motion, ¶ 3).

> Plaintiff's intent behind acquiring Coolerado and Idalex's business assets was to obtain the intellectual property, industry know-how, and exclusive right-of-use of the M-Cycle, which it achieved by purchasing from Coolerado and Idalex a number of international and domestic patents, trade secrets, and intellectual property comprising the M-Cycle.  (Motion, ¶ 4).

> Plaintiff would not have entered into the APA without essential components and protections. (Motion, ¶ 5).

> The purchase incorporated the following patents: US 6497107 B2 – Application No. 09/916800; US 6581402 B2 – Application No. 09/966928; US 6705096 B2 – Application No. 10/316775; US 6776001 B2 – Application No. 10/203195; US 7197887 B2 – Application No. 10/397901; and US 7228699 B2 – Application No. 11/061124 (collectively referred to herein as the "Patents"). (Motion, ¶ 6).

The Patents capture, comprise, and protect the technology, methodology, and inventions that comprise the M-Cycle, and each Patent was uniquely critical to the use and implementation of the M-Cycle. (Motion, ¶ 7).

These patents and the exclusive right to use the technology captured therein was of paramount importance to Plaintiff entering into the APA. (Motion, ¶ 8).

Plaintiff would not have entered into the APA if it did not provide for Plaintiff's acquisition and the exclusive rights to the M-Cycle technology. (Motion, ¶ 9).

In addition to the intellectual property associated with the M-Cycle, Plaintiff sought to acquire the practical know-how of creating an air-cooling product using the M-Cycle. Accordingly, the APA called for Dr. Maisotsenko to work for Plaintiff as its Chief Scientist. (Motion, ¶ 10).

In joining Plaintiff as an employee, Dr. Maisotsenko—like other employees of the acquired Idalex and Coolerado—signed Non-Competition and Non-Solicitation Agreements, which contain restrictive covenants protecting the confidentiality of Plaintiff's technical information, designs, processes, procedures, memoranda, notes, information, records, strategic plans, marketing plans and strategies, pricing information sales information, customer lists and contact information, customer prospects and employees, and other information of a confidential or proprietary nature, including all information and know-how associated with the M-Cycle. (Motion, ¶ 11).

Defendant and Plaintiff also entered into an employment contract in which Defendant agreed to an additional confidentiality provision, which runs in perpetuity. (Motion, ¶ 12).

Defendant's employment contract also contained a non-compete provision which prohibits him from carrying on or participating in "any business or entity engaged in the design, manufacture, distribution, marketing, and/or sale of evaporative coolers" for the duration of his employment and for one year following the termination of that employment. (Motion, ¶ 13).

Defendant did not comply with his obligations under his agreements with Plaintiff. (Motion, ¶ 14).

While still employed by Plaintiff, Defendant registered patent numbered 15/173,903 without referencing Plaintiff's ownership rights under the assignments provision of his agreements. (Motion, ¶ 15).

While still under his non-compete and confidentiality obligations, Defendant met directly with one of Seeley's primary competitors, Aolan Industry Co., Ltd. ("Aolan"), to discuss the M-Cycle and its implementation in evaporative coolers. (Motion, ¶ 16).

Aolan published an article, dated December 18, 2019, promoting the visit which includes photographs depicting Defendant as well as statements indicating that Defendant had engaged in a "technology exchange" regarding indirect evaporative cooling technology—the technology outlined in the Patents owned by Seeley—with the research and development team at Aolan. (Motion, ¶ 17).

Defendant was a guest speaker on a program called "The Talking Point," during which he demonstrated in the studio an indirect evaporative product, which was described as the "HMX Heat Exchanger." (Motion, ¶ 18).

This product is the heat exchanger in Seeley's HMX range, which uses the technology protected by the Patents as well as Seeley's developments and intellectual property regarding the M-Cycle. This product is manufactured by and wholly and solely owned by Seeley. (Motion, ¶ 19).

The Defendant also stated that he intended to manufacture products that utilize the M-Cycle in South Africa. (Motion, ¶ 20).

After a hearing at which the District Court took evidence, the District Court found that $2,225,000.00 was an appropriate calculation of royalty to compensate Seeley for Defendant's patent infringement and misappropriation of trade secrets. (Motion, ¶ 21).

The District Court found that $6,675,000.00 was the appropriate amount of exemplary damages to award against the Defendant for his calculated, willful theft of Seeley's trade secrets [and] intentional infringement on Seeley's patents, with full awareness of Seeley's exclusive right of use. (Motion, ¶ 22).


Maisotsenko filed his Response *pro se*. As a pro se litigant and the Court has liberally construed and held Maisotsenko to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-521, 30 L. Ed. 652, 92 S. Ct. 594 (1972).


L.B.R. 7056-1(b)(3) requires "a short and concise statement of agreement or opposition, in numbered paragraphs corresponding to those of the moving party, of the

material facts as to which it is contended there is a genuine issue to be tried."  In the Response, Maisotsenko states "[Maisotsenko] does not affirmatively stipulate to those facts as presented, but accepts that many are not in dispute to the extent they reflect historical dates, case numbers, and filing sequences."  Rather than address each undisputed fact as required by the Local Bankruptcy Rule, Maisotsenko says he is fully prepared to do so at some future time and states ". . . he does not concede the inferences or characterizations drawn by [Seeley] in connection with these facts . . . ."  (Response, p. 2).

Maisotsenko alleges certain material facts are in dispute that preclude entry of summary judgment:

1. Ownership and control of M-Cycle Industries, Inc.
2. Consulting role mischaracterized as concealed ownership or transfer.
3. Nature and origin of Gen3 Technology.
4. Intent to injure or harm Seeley.
5. Promotional use of Maisotsenko's name and image.
6. Stan May as alleged proxy.
7. Alleged omission of material information in bankruptcy filings.
8. Imputation of corporate judgment to Maisotsenko individually.

(Response, pp. 2-4).

Maisotsenko argues material facts are in dispute because the findings set forth in the Order Awarding Damages are not binding.  He argues that he was denied the opportunity to present evidence as a result of a default judgment, that he lacked notice of the damages hearing, and that he was denied a meaningful opportunity to participate in the damages hearing before the District Court. (Response, pp. 4-5).  In other words, Maisotsenko wants a second chance to advance defenses that could have been raised in the District Court Action.

Seeley's Reply focuses on situations where default judgments satisfy the actually litigated requirement and the opportunity to fully and fairly participate in the litigation element.

## COLLATERAL ESTOPPEL

Collateral estoppel, or, in modern usage, issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

*Schiro v. Farley*, 510 U.S. 222, 232 (1994) (citation omitted).  Collateral estoppel applies in dischargeability cases, and the burden of proof is on the creditor to establish a non-dischargeable debt by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). The bankruptcy court must give collateral estoppel effect to all issues that were "actually litigated" and necessary to the resulting final judgment, and for which the defendant had a "full and fair opportunity" to present the case.  If collateral estoppel is a basis for a judgment in a dischargeability action, the debtor is precluded from re-litigating the factual elements of the dischargeability claim because of the determinations made in the prior case.

The Order Awarding Damages was entered in the District Court Action. Accordingly, federal principles of collateral estoppel control.  *McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 475 (10th Cir. BAP 1999).  To invoke collateral estoppel, the following elements must be present: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with  a party to the prior adjudication, and (4) the party against whom the doctrine is raised  had a full and fair opportunity to litigate the issue in the prior action." *Id.* at 475-76.

Generally, a default judgment will not be granted preclusive effect because none of the issues were actually litigated. *McCart v. Jordana (In re Jordana)*, 221 B.R. 950, 954 (Bankr. W.D. Okla. 1998). However, "where the losing party has had a full and fair opportunity to participate in the previous litigation but has engaged in serious obstructive conduct resulting in a default judgment," collateral estoppel will apply. *McCart v. Jordana (In re Jordana)*, 2000 U.S. App. LEXIS 14363 at * 4 (10th Cir. 2000).

The Tenth Circuit Court of Appeals applied collateral estoppel to a pre-petition default judgment entered as a sanction by the United States District Court for the District of West Virginia in the case of *Melnor, Inc. v. Corey (In re Corey),* 583 F.3d 1249, 1252 (10th Cir. 2009).  In *Corey*, the debtor's litigation misconduct included failing to appear for hearings on dates he proposed and claiming he did not have notice of the hearings. The court entered a default and set the issue of damages for a jury trial. Corey failed to appear, and the court dismissed the jury and assessed damages.

The record of the District Court Action reflects:

The Original Complaint named Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. as defendants (Appendix, app. 015-033);

Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. answered the complaint and asserted affirmative defenses.  (Appendix, app. 034-045);

Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. were represented by attorney Charles H. Knull (Appendix, app. 001-003);

The Civil Docket for the District Court Action reflects that attorney Knull did not withdraw from the representation of Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. (Appendix, app. 001-014);

Seeley filed a Motion to Compel against Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. for failure to comply with certain discovery requests (Appendix, app. 046-055);

An Order Regarding Discovery Misconduct was entered in the District Court Action requiring Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. to comply with the discovery requests, failing which sanctions would be entered in the form of:

> (a) An award of costs and attorney fees in favor of [Seeley] for all amounts incurred by [Seeley] relating to discovery of the Accused Instrumentalities to date;
> (b) A Recommendation that a default judgment enter in favor of [Seeley] and against [Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.] as a sanction for violating court orders and obstructing discovery pursuant to Fed.R.Civ.P. 37(b)(2)(vi).

(Appendix app 056-057);

After Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. failed to comply with the Order Regarding Discovery Misconduct, a Recommendation of United States Magistrate Judge was entered requesting the entry of default judgment against Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. (Appendix, app. 063-073);

An Order Adopting and Affirming March 29, 2023, Recommendation of United States Magistrate Judge was entered in the District Court Action, in which the

8

District Court ordered the clerk to enter default and final judgment against Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.  The order further directed Seeley to file a brief and supporting documents regarding its requested damages. (Appendix, app. 074-076);

A Final Judgment was entered on April 17, 2023, in the District Court Action against Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. in an amount to be determined by motion or hearing (Appendix, app. 077-078);

An evidentiary hearing was held in the District Court Action regarding Seeley's requested damages on July 11, 2023 in which documentary evidence was received and testimony elicited from Jon Seeley (Motion, Ex. 1 p. 7);

Seeley requested damages in the form of: (1) a permanent injunction, (2) compensatory damages in the form of a reasonable royalty, (3) exemplary damages, (4) attorney's fees, and (5) pre- and post-judgment interest (Motion, Ex. 1 p. 7);

A 28-page Order Awarding Damages was entered by Judge Christine M. Arguello on August 2, 2023, in the District Court Action (Motion, Ex. 1);

The Order Awarding Damages specifically included a recitation of the litigation misconduct committed by Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. resulting in the sanction of default judgment (Motion, Ex. 1 pp. 6-7) and found their actions "in absconding from this litigation are also exceptional" (Motion, Ex. 1 p. 20);

The Order Awarding Damages specifically rejected M-Cycle Industries, Inc.'s "last-minute Notice" filed by Defendant M-Cycle Industries, Inc. claiming insufficient notice of the damages hearing.  The court found notice was proper under the applicable rules and law (Motion, Ex. 1, p. 8, n.2);

The Order Awarding Damages entered a permanent injunction against Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd. enjoining continued patent infringement and misappropriation of trade secrets and other intellectual property (Motion, Ex. 1 pp. 9-14, 26-28);

The Order Awarding Damages entered compensatory damages in the amount of $2,225,000.00 (Motion, Ex. 1 pp. 14-16);

The Order Awarding Damages entered exemplary damages in the amount of $6,675,000.00 (Motion, Ex. 1 pp. 16-17, 24);

The Order Awarding Damages entered an award of attorney fees in the amount of $261,818.25 plus costs of $1,027.00 (Motion, Ex. 1 pp. 17-23, 24); pre- judgment interest in the amount of $1,549,565.36 and post-judgment interest at the rate of 5.38% (Motion, Ex. 1, pp. 23-24, 25).

The Court finds that the District Court Action satisfies the second, third, and fourth elements to apply collateral estoppel.   The District Court Action has been finally adjudicated on the merits, Maisotsenko was a party in the District Court Action, and Maisotsenko had a full and fair opportunity to litigate the issue in the District Court Action. *McCart*, 232 B.R. at 475-76.

Because the default judgment was entered as a result of litigation misconduct, it satisfies the exception to the full and fair opportunity to participate in the previous litigation.  *McCart*, 2000 U.S. App. LEXIS 14363 at *4 and *Corey*, 583 F.3d at 1252.

Having determined Maisotsenko had the full and fair opportunity to litigate in the District Court Action, the Court must consider whether summary judgment may be entered on the nondischargeability claim under 11 U.S.C. § 523(a)(6).

## STANDARDS FOR SUMMARY JUDGMENT

The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Bankr.P 7056, incorporating Fed.R.Civ.P. 56.  The burden is on the moving party to make a prima facie case showing an absence of material fact and entitlement to judgment as a matter of law.  *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1291 (10th Cir. 1991).  In applying the summary judgment standard, the Court must examine the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion.  *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).

**11 U.S.C. § 523(a)(6)**

11 U.S.C. § 523(a)(6) provides that a Chapter 7 debtor is not discharged for willful and malicious injury by the debtor to another entity or the property of another entity. The creditor must establish that the conduct of the debtor was "willful and malicious" and caused an injury to an entity or the property of an entity.

Nondischargeability under 11 U.S.C. § 523(a)(6) requires both a "willful injury" and a "malicious injury." *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) ("Without proof of *both*, an objection to discharge under that section must fail.").  The United States Supreme Court has held that the term "willful" requires proof of a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. *Kawaauhua v. Geiger*, 523 U.S. 57, 61 (1998).  The Tenth Circuit has held that "the term 'malicious' requires proof 'that the debtor either intend[ed] the resulting injury or intentionally [took] action that [was] substantially certain to cause injury.'" *Panalis*, 357 F.3d at 1129 (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

**ANALYSIS**

The remaining issue before the Court is whether the Order Awarding Damages in the District Court Action is excepted from discharge under 11 U.S.C. § 523(a)(6) for "willful and malicious injury by the debtor to another entity or to the property of another entity." To apply collateral estoppel, the Court must determine whether the findings of fact and conclusions of law set forth in the Order Awarding Damages are detailed and specific on the identical issue in question and whether the facts supporting the findings are discernable from the record.  The Court finds summary judgment is appropriate in this matter.

An evidentiary hearing was conducted in the District Court Action where testimonial and documentary evidence was introduced providing a factual basis supporting the findings.

The Order Awarding Damages made specific findings satisfying the elements necessary to establish willful and malicious injury including:

"In joining [Seeley] as an employee, [Maisotsenko]—like other employees of the acquired Idalex and Coolerado—signed Non-Competition and Non-Solicitation Agreements, which contain restrictive covenants protecting the confidentiality of

11

[Seeley]'s technical information, designs, processes, procedures, memoranda, notes, information, records, strategic plans, marketing plans and strategies, pricing information sales information, customer lists and contact information, customer prospects and employees, and other information of a confidential or proprietary nature, including all information and know-how associated with the M-Cycle." (Motion, Ex. 1 pp. 3-4);

"[Maisotsenko]'s Employment Contract also contained a noncompete provision which prohibits him from carrying on or participating in "any business or entity engaged in the design, manufacture, distribution, marketing, and/or sale of evaporative coolers" for the duration of his employment and for one year following the termination of that employment." (Motion, Ex. 1 p. 4);

"Through evidence and testimony [Seeley] has established [Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.]'s ongoing infringement and violations of the Restrictive Covenants, as well as actual misappropriation of trade secrets and threaten further misappropriation in the future. [Seeley] has suffered and will continue to suffer irreparable harm." (Motion, Ex. 1 p. 10);

"By disseminating [Seeley]'s trade secrets and confidential information to [Seeley]'s competitors and developing products implementing the technology protected by the Patents, [Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.] have caused injury to [Seeley]'s market share, goodwill, and its exclusive right to use and develop the M-Cycle in its products."  (Motion, Ex. 1 p. 11);

"If [Maisotsenko]'s conduct is not quashed by a permanent injunction, [Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.] are likely to continue their misappropriation and infringement, resulting in ongoing irreparable harm including by damaging Plaintiff's market position, product uniqueness, and goodwill."  (Motion, Ex. 1 p. 12).;

"[There] [Maisotsenko] began developing a competing air cooler using the technology protected by the Patents and [Seeley]'s proprietary know-how related to the M-Cycle while he was still an employee of [Seeley]." (Motion, Ex. 1 p. 16);

"The Court finds [Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.] engaged in calculated, willful theft of [Seeley]'s trade secrets, intentionally infringed on [Seeley]'s Patents with full awareness of [Seeley]'s

exclusive right-of-use, and have attempted to avoid liability for their wrongful conduct by abandoning this litigation."  (Motion, Ex. 1 p. 17);

"The Court also concludes that [Seeley]'s case is exceptional. A patent infringement case may be deemed exceptional based on the flagrant, 'uncommon, rare, and not ordinary' nature of [Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.'s] infringement." (Motion, Ex. 1 p. 19) (internal quotation marks omitted);

"As discussed above, [Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, Ltd.]'s infringement—particularly the advertising and utilizing the M-Cycle as their own, as well as the development of products which utilized the patented technology—is flagrant." (Motion, Ex. 1 p. 20).

The Court finds that the Order Awarding Damages in the District Court Action contains specific findings of fact and conclusions of law necessary to establish that the damages award is excepted from discharge under 11 U.S.C. § 523(a)(6).

Maisotsenko had knowledge of the duties and restrictions imposed upon him by his employment contract and his non-competition and non-solicitation agreements and deliberately and intentionally breached the covenants and restrictions of the contracts, engaged in patent infringement and trade secret misappropriation, causing injury to Seeley.  Maisotsenko had knowledge of Seeley's intellectual property rights and had knowledge that usurping the rights would cause particularized injury to Seeley.  *See Mitsubishi Motors Credit of Am., Inc. v Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999).

Maisotsenko's conduct was malicious, having wrongfully and without just cause or excuse, usurped the intellectual property rights of Seeley, leading to the award of exemplary damages.  *See In re Wagner*, 492 B.R. 43, 54 (Bankr. D. Colo. 2013) ("The malice prong of 11 U.S.C. § 523(a)(6) is satisfied upon a showing the injury was inflicted without just cause or excuse.")  *Guggenheim Capital, LLC v. Birnbaum (In re Birnbaum)*, 513 B.R. 788, 807 (Bankr. E.D.N.Y. 2014) (prior court's findings that the debtor's actions in intentionally and willfully used another's intellectual property was malicious for purposes of section 532(a)(6)). In the context of intellectual property bankruptcy courts have found that infringement is inherently harmful and constitutes a willful and malicious injury.  *Rigoni Di Asiago S.p.A. v. Mucci (In re Mucci)*, 458 B.R. 802, 812-13 (Bankr. D. Conn. 2011).

## CONCLUSION

The findings of fact and conclusions of law in the Order Awarding Damages entered in the District Court Action are sufficient to apply the doctrine of collateral estoppel or issue preclusion to the claim under 11 U.S.C. § 523(a)(6) raised in this Adversary Proceeding.  For the reasons stated above, Seeley is entitled to judgment as a matter of law.  Accordingly, the Motion for Summary Judgment is hereby GRANTED and the Order Awarding Damages is excepted from discharge, in its entirety, under 11 U.S.C. § 523(a)(6) for willful and malicious injury caused by Maisotsenko to Seeley or the property of Seeley.

Dated: This __8th__ day of October, 2025.

BY THE COURT:

_____

Joseph G. Rosania, Jr.
United States Bankruptcy Judge